IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiffs,<br><br>vs.<br><br>HALEY M. COFFMAN,<br><br>      Defendant. | 8:21-CR-260<br><br>**ORDER** |

    This matter is before the Court on the government's motion, Filing 68, seeking review and revocation of the Magistrate Judge's order releasing Defendant for treatment pending trial. The Court held a hearing on the government's motion on February 1, 2022. As set forth below, after conducting its de novo review, the Court finds there is no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community. Thus, the government's motion, Filing 68, is granted, and the Order Setting Conditions of Release, Filing 64, is revoked.

**I. BACKGROUND**

    The defendant is charged with conspiring to distribute and possess with intent to distribute fifty grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 846. Filing 1. Following the defendant's initial appearance on October 26, 2021, the Honorable Cheryl Zwart, United States Magistrate Judge, ordered detention of the defendant pending trial, noting "there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison." Filing 33 at 1.

1

On January 18, 2022, the defendant moved for an order granting her pretrial release to attend treatment for substance abuse. Filing 55; *see* Filing 60 (Defendant's amended motion, filed January 21, 2022, noting the probation officer's support). On January 21, 2022, the United States Probation Officer assigned to Coffman's case filed an addendum to the Pretrial Services Report noting that the defendant posed risks of nonappearance and danger to the community but recommending conditions of release to allow the defendant to attend residential treatment, which the officer felt would "mitigate the risks posed." Filing 58 at 6-7. The same report noted multiple prior failures to comply with conditions of court-ordered supervision, two convictions for operating a motor vehicle to avoid arrest, at least one prior failure to appear, and multiple felonies. Filing 58 at 3-6. The report also noted the defendant "was on post release supervision when this alleged offense occurred and is pending a new felony drug case in Douglas County District Court," and she "admitted to using methamphetamine as soon as she was released from custody in April 2021 even though she was under supervision." Filing 58 at 6-7.

The Honorable Michael Nelson, United States Magistrate Judge, held a hearing on Defendant's motion for release on January 24, 2022. Filing 63. The government opposed Defendant's release. Filing 63. Over the government's opposition, Judge Nelson ordered the defendant released subject to conditions by 9:00 a.m. on February 7, 2022, for transport to a treatment facility. Filing 64. The government now moves this Court to review and revoke the Magistrate Judge's release order pursuant to 18 U.S.C. § 3145.

## II. ANALYSIS

### A. Standard of Review

The district court's review of a magistrate's order of release under 18 U.S.C. § 3145 is de novo. *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). "In reviewing the

order of the magistrate, the district court must engage in this same analysis." *Id.* at 1482. The Court can detain a defendant before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will reasonably assure the defendant's appearance . . . ." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)). In determining whether the government has met its burden, the Court considers the factors outlined in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the person, including the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" and "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release"; (4) the nature and seriousness of any danger to the community.

While the ultimate burden of persuasion remains on the government, a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" arises "if the judicial officer finds that there is probable cause to believe that the person committed" an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.) for which imprisonment of ten years or more is prescribed by statute. 18 U.S.C. § 3142(e)(3)(A). "In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion-to rebut that presumption by coming forward with evidence [s]he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). If the

defendant meets her burden, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *Mercedes*, 254 F.3d at 436).

### B. The Defendant's Burden of Production

At the hearings on this matter with the Magistrate Judge and the undersigned, the defendant referenced the Pretrial Services Report noting she had not yet had the opportunity to participate in residential treatment. The defense also spoke to her treatment plan and detailed some of conditions at her proposed treatment facility. The defense noted the facility would provide a structured, supervised environment with limited external communication. Though her proposed treatment site is not a secure facility, according to the defense, staff would notify authorities if an offender under supervision were to leave the facility without permission. The defense argued that the conditions of release suggested by probation, her treatment plan, and her genuine desire to complete treatment are sufficient to indicate it is reasonably likely she will not fail to appear or present a danger to the community. The Court finds the defendant has narrowly met her burden of production such that the Court will consider factors beyond the presumption in favor of detention, however, the presumption remains a factor the Court considers.

### C. The Government's Burden of Persuasion

The government also relied heavily on the Pretrial Services Report. At the hearings on this matter and in its brief, the government noted the report indicates a significant criminal history that is relevant here. The government has demonstrated beyond a preponderance of the evidence that the defendant has engaged in and would likely to continue to engage in if released, an ongoing pattern of criminal conduct and failing to comply with conditions of court ordered supervision. Despite being only twenty-five, the defendant has multiple felony convictions as an adult including

criminal impersonation, accessory, possession of a controlled substance, and operating a motor vehicle to avoid arrest. Filing 58 at 4-5. The government further pointed to unrefuted evidence that all of the defendant's many prior instances of court-ordered supervision have ended with her failing to abide by the court's instructions. *See* Filing 58. Defendant also has a history of failing to appear at ordered at court proceedings. *See* Filing 58. Notably, the defendant was released on bond at the time of the alleged crime for which she is now charged. *See* Filing 58. Given the defendant's history of noncompliance and her struggles with substance abuse, the Court is convinced there is no condition or combination of conditions that would reasonably assure her presence at future proceedings if she were released.

Further, the Court notes the defendant is charged with a serious drug conspiracy involving more than 250 grams of actual methamphetamine. Defendant was apprehended fleeing from police with her two alleged co-conspirators after a brief vehicle chase. The drugs at issue were found in the vehicle, in a location accessible to all three occupants. Thus, the evidence against the defendant is significant. Defendant herself has two prior convictions for using an automobile to flee arrest. While she is not alleged to have been the driver in the present incident, her pattern of continued criminal activity coupled with her apparent willingness to flee arrest by whatever means are most expedient, without regard for the danger posed to others, is highly concerning. Additionally, the staff at the defendant's proposed treatment facility would not be in a position to stop the defendant from absconding; they could merely report it if she chose to leave. The Court is convinced Defendant would remain a serious danger to the community if released pending trial. The government has proven so by clear and convincing evidence.

### III. CONCLUSION

Based on the information of record, the Court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a danger to the community. Therefore, the defendant must be detained pending trial. Accordingly,

IT IS ORDERED:

1. The government's motion, Filing 68, is granted;

2. The Order Setting Conditions of Release, Filing 64, is revoked;

3. The defendant shall be detained pending trial; and

4. The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated this 1st day of February, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge